**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARLEY PAUL ZETH TURANGAN, | No. 07-74894 |
| Petitioner, | |
| v. | Agency No. A078-020-266 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Farley Paul Zeth Turangan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. "We review findings of fact for substantial evidence and questions of law de novo." *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1121 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Turangan filed his asylum application within a reasonable period of time after any changed circumstance excusing the delay. *See* 8 C.F.R. § 1208.4(a)(4); *Taslimi v. Holder*, 590 F.3d 981, 984–86 (9th Cir. 2010); *Husyev v. Mukasey*, 528 F.3d 1172, 1181–82 (9th Cir. 2008). Accordingly, we deny the petition as to his asylum claim.

Turangan does not challenge the agency's finding that he did not suffer past persecution. *See Zetino v. Holder*, 622 F.3d 1007, 1011 n.1 (9th Cir. 2010). Even assuming that Turangan is a member of a disfavored group, the record does not compel the conclusion that he faces an individualized risk of persecution on account of his religion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc); *cf. also Wakkary v. Holder*, 558 F.3d 1049, 1065–66 (9th Cir. 2009) ("An applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail . . . ."). Nor does the evidence compel the conclusion that there is a pattern or practice of

persecution of Seventh Day Adventists in Indonesia such that Turangan need not demonstrate an individualized risk of harm. *See Wakkary*, 558 F.3d at 1061–62. We therefore deny the petition as to his claim for withholding of removal.

Substantial evidence also supports the agency's determination that Turangan failed to establish that it is more likely than not that he will be tortured by or with the acquiescence of government officials if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068. We therefore deny the petition as to his CAT claim.

Finally, the record "patently belies [Turangan's] contention that the IJ failed to render a cumulative analysis of the hardship that removal would inflict on [his] children." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). Accordingly, we dismiss the petition for lack of jurisdiction as to Turangan's application for cancellation of removal. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

07-74894